### Anthony D. Schwartz et al. v. Simon Lieberman.

1. SET-OFF—*Special Matters Not Admissible Under the Common Counts.*—Special matters of set-off are inadmissible under a plea consisting only of the common counts. Such matters must be specially pleaded.

Judgment by Confession, upon a promissory note. Motion and leave given defendant to plead. Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Verdict for plaintiff by direction of the court and judgment. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed October, 27, 1898.

F. L. SALISBURY, attorney for appellants.

E. P. LANGWORTHY, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.
A judgment by confession upon promissory note was

entered in favor of appellee and against appellants. On motion of appellants leave to plead was given, and it was ordered that the judgment stand as security.

Appellants pleaded the general issue and also a plea of set-off, which consisted only of the common counts.

Upon the general traverse appellants presented no evidence, but upon the plea of set-off, they sought to prove an agreement by appellee (the payee in the note) and Anthony D. Schwartz (one of appellants and one of the makers of the note) to set off against the indebtedness evidenced by the note, certain indebtedness of appellee to said Anthony D. Schwartz. That the arrangement did not amount to a payment on the note, is disclosed by the following statement of counsel and the colloquy between the court and Anthony D. Schwartz, who was the only witness in this behalf:

Counsel for Schwartz: "I expect to show by this witness that there was an arrangement by which, before he moved out, they were to have a final settlement of all these matters."    *    *    *

Q. "Was there any talk between you and Lieberman in which it was agreed before he moved out of your premises, there should be a final settlement of all debts existing between you and him, and in that final settlement, if it exceeded the amount of the note, that was to be paid, and if it did not exceed the amount of the note, you were to pay the difference on the settlement?"

A. "We have talked the matter over about settling the whole affair, but whether he understood me about the bakery business or not, I don't remember."    *    *    *

The Court: "He does not say it was to be applied. He says he talked with him about the safe, and he says Lieberman told him that when Schwartz paid Lieberman the note, Lieberman would pay Schwartz for the safe."

The Witness: "Yes."    *    *    *

The Court: "You heard him tell just what was said, and he said the same thing as to the bread bill—that Lieberman said, 'when you pay me the note, then I will settle with you for the bread bill.'"

The Witness: " You can settle right up and he will pay me the difference, or I pay him the difference."

The trial court ruled that this evidence was inadmissible to establish a set-off under the plea of set-off, as filed, i. e., the common counts. We are of opinion that the court was right in so ruling. This plea of set-off alleged, under the several common counts, indebtedness of appellee to appellants, the two makers of the promissory note. The evidence proffered tended to prove no such indebtedness.

If the agreement of appellee to set off against the note his indebtedness to one of the makers had been pleaded specially in the plea of set-off, the question would then have been presented, upon which counsel for appellants bases his argument.

There being no evidence tending to show a defense admissible under the pleadings, the court properly directed a verdict for the plaintiff (appellee). Upon the verdict a judgment was entered.

Counsel for appellants contends that there are now two judgments, one by confession and the other upon verdict and that the latter is therefore erroneous. The record, however, shows that on the 27th of October, 1897 (prior to the trial which resulted in the judgment here in question), the trial court entered an order which in effect vacated the judgment by confession.

No other question is raised upon this appeal.

The judgment is affirmed.